IN RE the RETURN OF PROPERTY IN: STATE of Wisconsin v. Carlos PEREZ:

STATE of Wisconsin, Plaintiff-Appellant,†

v.

Carlos PEREZ, Defendant-Respondent.

Court of Appeals

*No. 99–3108–CR. Submitted on briefs February 21, 2000.—Decided April 26, 2000.*

2000 WI App 115

(Also reported in 612 N.W.2d 374.)

†Petition to review granted.

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Jeffrey A. Sisley*, assistant district attorney. There was a supplemental brief by *James E. Doyle*, attorney general, and *Jeffrey J. Kassel*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *R. Douglas Stansbury* of *Levy & Levy, S.C.* of Cedarburg.

Brown, P.J., Nettesheim and Snyder, JJ.

¶ 1. BROWN, P.J. The State of Wisconsin appeals an order of the circuit court concluding that Carlos Perez, who was convicted of carrying a concealed weapon, did not "use" a weapon while committing that crime and thus is entitled to return of the weapons under WIS. STAT. § 968.20(1m)(b) (1997–98).[1] The State argues that if a person commits a crime while "with" a firearm, the firearm may be seized and not returned to the owner. We disagree that this is the proper interpretation of the word "use" as it exists in the statute. We affirm the circuit court.

¶ 2. The necessary facts are few and uncomplicated. Perez drove his van into a ditch. When an officer arrived, he observed two uncased rifles and a pistol inside the van. The firearms were seized and a complaint was issued charging Perez with carrying a concealed weapon. He pled no contest to the charge.

_____

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

Following his conviction, Perez sought the return of the firearms. The State opposed the request and argued that the firearms need not be returned under WIS. STAT. § 968.20(1m)(b). The trial court ruled for Perez and the State appeals.

¶ 3. This case turns on the proper interpretation of WIS. STAT. § 968.20, which provides for the return of seized property. "The interpretation of a statute is a question of law which we review *de novo.*" *Grosse v. Protective Life Ins. Co.*, 182 Wis. 2d 97, 105, 513 N.W.2d 592 (1994). However, we value trial court opinions even on issues involving pure questions of law. *See Lomax v. Fiedler*, 204 Wis. 2d 196, 206, 554 N.W.2d 841 (Ct. App. 1996).

¶ 4. The statutory section we interpret is WIS. STAT. § 968.20(1m)(b). The relevant language is: "If the seized property is a dangerous weapon or ammunition, the property shall not be returned to any person who committed a crime involving the use of the dangerous weapon or the ammunition." *Id.*

¶ 5. The State cites *State v. Williams*, 148 Wis. 2d 852, 436 N.W.2d 924 (Ct. App. 1989), as support for its position. The question in *Williams* was whether a person who had committed a crime involving the use of a dangerous weapon could sell that weapon after commission of the crime and thereby avoid denial of its return under WIS. STAT. § 968.20(1m)(b). The court resorted to legislative history to answer the question in the negative. To support its decision, the court quoted from the Legislative Reference Bureau's analysis of 1983 Wis. Act 278. We repeat the full quote.

> This proposal revises the treatment of seized firearms. . . . If the person committed a crime with a firearm . . . the firearm . . . may not be returned to him or her. The rightful owner of a seized firearm

> . . . may *reobtain* that property if the owner had no prior knowledge of and gave no consent to the commission of the crime.

*Williams*, 148 Wis. 2d at 857 (alteration in original). The court then went on to conclude that a person who did not own the firearm at the time of the commission of the crime could not "reobtain" that property. The issue of whether a dangerous weapon must have been used in the crime, as opposed to merely being with the person who committed the crime, was not before the *Williams* court. Thus, *Williams* does not drive the result in this case.

¶ 6. The *Williams* court examined the bureau's analysis because it found WIS. STAT. § 968.20(1m)(b) ambiguous. However, the ambiguity was only with respect to whether a perpetrator could sell the dangerous weapon after the fact. The question presented here is the meaning of the word "use" in the statute. The word "use" is not a legal term of art; it is a term used in everyday language. Statutory language must be construed according to its common and approved usage unless the legislature has designated a different definition. *See* WIS. STAT. § 990.01(1); *State v. Curiel*, 227 Wis. 2d 389, 404, 597 N.W.2d 697 (1999). To find that common and approved usage, we consult a standard dictionary. *See Curiel*, 227 Wis. 2d at 404. We note that our use of a dictionary does not render the statutory language ambiguous. *See id.* at 405. Webster's defines "use" as "to put into action or service," to "apply to advantage" and "to carry out a purpose or action by means of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2523–24 (1993). In terms of the statute, these meanings show that the mere fact that the firearm is with a person is not enough. The firearm had to be part of the crime in some way.

¶ 7. Lest our holding be misunderstood, we hasten to clarify that the firearm's involvement in the crime need not be active. In fact, a "firearm may be involved in the commission of some crimes by its mere presence." *Williams*, 148 Wis. 2d at 861 (Dykman J., concurring). So, for example, if a robber has an open gun in full view of the victim but does not actually put it into action or service, that robber has still "applied" the dangerous weapon to his or her advantage to help carry out the crime. The robber intended the gun's presence to further the success of the crime. But, if a person simply has a gun uncased in a car and the car goes into a ditch, that person has neither put the gun into action or service, availed himself or herself of it, nor carried out any purpose or action by means of the weapon. In Perez's case, there is no evidence that Perez, who had a license to carry a concealed weapon in Florida, "used" the firearms to commit a crime as that term is understood in everyday language.

¶ 8. The State points out that carrying a concealed weapon is not the only crime the elements of which are satisfied by the mere presence of a gun. WISCONSIN STAT. § 948.605(2)(a), which makes it a crime to possess a gun in a school zone; WIS. STAT. § 941.235(1), which prohibits going armed in a public building; and WIS. STAT. § 941.237(2), which outlaws carrying a handgun in a tavern, are all statutes that are violated by the passive presence of a firearm. The State argues that the legislature could not have meant to have violators of these statutes keep their guns. Perhaps not, but that is what the legislature wrote. Had the legislature meant to prohibit the return of dangerous weapons to those convicted of these crimes it would have been easy to do so; instead of "use," the statute could say "use or

possess." But it does not. It is not this court's job to rewrite the statute.

¶ 9. Alternatively, the State argues that even if Perez did not use the weapons, the weapons still should be forfeited because they are contraband. *See Jones v. State*, 226 Wis. 2d 565, 587, 594 N.W.2d 738 (1999), *cert. denied*, 120 S. Ct. 995 (2000) ("Contraband need never be returned."). We disagree. In *Jones*, police seized cash and drug paraphernalia from Jones's person and car after arresting him for operating while intoxicated. One question presented was whether Jones could reclaim his property under WIS. STAT. § 968.20. Our supreme court concluded that contraband need not be returned under the statute. Thus, the court looked to WIS. STAT. § 968.13(1)(a), which defines contraband, to determine whether cash counts as contraband. The key distinction is not whether an item is per se illegal, but rather whether it has been used in an illegal manner. *See Jones*, 226 Wis. 2d at 590. Here, as we concluded above, Perez did not use his firearms in an illegal manner. Nor is there any indication that he acquired or transferred them illicitly. *See id.* Thus, the firearms are not contraband.

¶ 10. We pause to point out that the result of this case does not render the carrying a concealed weapon statute meaningless. Carrying a concealed weapon is a crime. Perez pled no contest to the charge and was duly sentenced for the crime. Of course the state may prohibit its citizens from going armed with a concealed and dangerous weapon. But, under the current version of WIS. STAT. § 968.20, it may not keep their weapons.

██

¶ 11. Because Perez did not use his firearms to commit a crime, they are not barred from return under WIS. STAT. § 968.20(1m)(b). Furthermore, his illegal

concealment of them, without more, does not render them contraband. The trial court was correct in ordering that the State return Perez's guns.

*By the Court.*—Order affirmed.

¶ 12. NETTESHEIM, J. *(dissenting).* I respectfully dissent from the majority opinion. I conclude that Perez used a dangerous weapon within the meaning of WIS. STAT. § 968.20(1m)(b).

¶ 13. The majority states that Perez was convicted of "carrying a concealed weapon." While "carrying a concealed weapon" is the label which is conventionally applied to this type of offense and is the title of the statute under which Perez was convicted, *see* WIS. STAT. § 941.23, the actual statutory language states, "Any person except a peace officer who goes *armed* with a concealed and dangerous weapon is guilty of a Class A misdemeanor." (Emphasis added.) In keeping with the facts of the case and the statute, the criminal complaint against Perez alleged that he "did unlawfully go armed with a concealed and dangerous weapon."

¶ 14. The elements of going armed with a concealed weapon are the following:

First, that the defendant went armed with a dangerous weapon.

Second, that the defendant was aware of the presence of the weapon.

Third, that the weapon was concealed.

WIS JI—CRIMINAL 1335.

¶ 15. Perez pled no contest to the charge, functionally admitting that he committed each element of this offense. I cannot accept the majority's conclusion

244

that a defendant who has admitted arming himself or herself with a dangerous weapon and then concealing the weapon has not used the weapon for purposes of WIS. STAT. § 968.20(1m)(b).

¶ 16. Pursuant to Webster's dictionary definition, the majority concludes that the word "use" in WIS. STAT. § 968.20(1m)(b) contemplates something more than mere possession of a weapon. However, in addition to the definitions cited by the majority, Webster's also defines "use" as "to carry out a purpose or action by means of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2524 (1993). Here, Perez necessarily had to use the weapons to carry out the violation of the concealed weapon statute. My point is not to quarrel with the majority's cite to those portions of the dictionary definition which support its interpretation. Rather, my point is to demonstrate that the term "use" is so elastic and varied that it can carry multiple meanings in a given context.

¶ 17. More importantly, the rule which allows us to look to a dictionary for assistance is not absolute. When interpreting a term used in a statute, its "meaning must be found in its context and relation to the subject matter." *Lang v. Lang*, 161 Wis. 2d 210, 221, 467 N.W.2d 772 (1991) (citation omitted). We also construe the term "in conformity with and to promote [the statute's] objects and purposes." *Gelencser v. Industrial Comm'n*, 31 Wis. 2d 62, 68, 141 N.W.2d 898 (1966). In the absence of a statutory definition, a court can establish the meaning of a term by reference to its common usage as reported in a recognized dictionary. *See Wilson v. Waukesha County*, 157 Wis. 2d 790, 795, 460 N.W.2d 830 (Ct. App. 1990). But where the term is ambiguous, the court will refer to the scope, history,

context, subject matter and object of the statute to discern legislative intent. *See id.*

¶ 18. The majority does not expressly say whether WIS. STAT. § 968.20(1m)(b) or the word "use" is ambiguous or unambiguous. I would submit that the term is at least ambiguous as applied to the concealed weapon statute. Regardless, I am persuaded that the subject matter and object of the statute require a conclusion that Perez used the weapons.

¶ 19. The legislative history regarding WIS. STAT. § 968.20(1m)(b) is meager. However, as the majority notes, the Legislative Reference Bureau's analysis does say, "If the person committed a crime with a firearm . . . the firearm . . . may not be returned to him or her." *State v. Williams*, 148 Wis. 2d 852, 857, 436 N.W.2d 924 (Ct. App. 1989). It is interesting to note that this analysis uses the phrase "*with* a firearm"—latent language which hardly supports the majority's conclusion that the statute envisions a more active use of the weapon. Rather, this language tells me that the legislature intended a broader meaning of the term "use."

¶ 20. The majority also says that the term "use" means that "[t]he firearm had to be part of the crime in some way." Majority at ¶ 6. But here the firearms were part of the crime. Perez armed himself with the weapons and then concealed the weapons. Without those two elements, which require affirmative conduct relative to the weapons, there would be no crime. By the majority's own words, the weapons were "part of the crime" of going armed with a concealed and dangerous weapon.

¶ 21. The majority also says that its opinion "does not render the carrying a concealed weapon statute meaningless." Majority at ¶ 10. True. But the majority opinion certainly renders WIS. STAT.

§ 968.20(1m)(b) meaningless as applied to the concealed weapon statute. And, as the majority concedes, it also renders the statute meaningless as applied to certain other statutes which prohibit the possession of dangerous weapons or the arming of oneself with a dangerous weapon in various settings. *See* WIS. STAT. § 948.605(2)(a) (prohibiting the possession of a firearm in a school zone); WIS. STAT. § 941.235(1) (prohibiting the carrying of a firearm in a public building); WIS. STAT. § 941.237(2) (prohibiting going armed with a handgun on certain premises licensed to sell alcoholic beverages).

¶ 22. But this list does not end with the statutes cited by the majority. Under the majority opinion, WIS. STAT. § 968.20(1m)(b) is also unenforceable relative to the following offenses: WIS. STAT. § 948.61(2), prohibiting the possession of or going armed with dangerous weapons other than firearms on school premises; WIS. STAT. § 941.20(1)(b), prohibiting the arming of oneself while intoxicated; WIS. STAT. § 941.26(1)(a), prohibiting the sale, possession or transport of a machine gun or other full automatic firearm;[1] and WIS. STAT. § 941.28(2), prohibiting the possession or arming of oneself with a short-barreled shotgun or rifle.

¶ 23. The majority opinion also mandates the return of firearms possessed by the category of persons

---

[1] Interestingly, WIS. STAT. § 941.26(1)(a) also bars the "use" of a machine gun or other full automatic firearm. Under the majority's reasoning, if the defendant were convicted of using a weapon under this statute, the weapon could be forfeited since the forfeiture statute speaks of "use." But if the defendant were convicted of selling, possessing or transporting the weapon, the weapon could not be forfeited under the majority's reasoning. That inconsistent application of the forfeiture statute does not make sense to me.

247

set out in WIS. STAT. § 941.29(2). Like the concealed weapon statute, all the statute requires is that the person possess a firearm. This statute covers persons convicted of felonies, juveniles adjudged delinquent for acts which would be felonies if committed by an adult; persons found not guilty or not responsible by reason of insanity or mental disease; persons committed for treatment under WIS. STAT. ch. 51; and, of particular concern to me, persons subject to domestic abuse and child abuse restraining orders and injunctions. I find it difficult to conclude that the legislature intended to allow these categories of persons to retain the weapons which formed the basis for the criminal offense.

¶ 24. Given the context, subject matter, object and purpose of WIS. STAT. § 968.20(1m)(b), I conclude that the legislature intended the statute to apply to persons convicted of going armed with a concealed and dangerous weapon.

¶ 25. I respectfully dissent.