Thomas A. DREMEL and Theodore J. Dremel, co-partners doing business as Dremel Bros., Petitioners-Respondents,

v.

State of Wisconsin, NURSING HOME REVIEW BOARD, Respondent-Appellant.

Court of Appeals

*No. 83-666. Argued January 4, 1984.—Decided April 25, 1984.*
(Also reported in 349 N.W.2d 725.)

For the respondent-appellant, there were briefs by *Bronson C. La Follette,* attorney general, and *F. Thomas Creeron, III,* assistant attorney general. Oral arguments by *F. Thomas Creeron, III.*

For the petitioners-respondents, there was a brief and oral argument by *Charles H. Constantine* of *Constantine, Christensen, Krohn & Kerscher, S.C.*, of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. Nursing home providers in Wisconsin are reimbursed for the services they provide to Medicaid[1] patients through a reimbursement plan administered by the Department of Health and Social Services. The department analyzes each nursing home's cost report and computes a reimbursement rate on allowed costs. After the computations are made, a provider may appeal to the Nursing Home Review Board to grant equitable relief for expenditures exceeding the reimbursement rate. The issue before the board is not whether certain costs are allowable in the first instance, but rather how much of the allowable costs will each provider be able to receive. The question asked on this appeal is: "Where does one go to contest the department's decision that certain costs are not 'allowable' costs?" We hold that a contested case hearing pursuant to sec. 227.064, Stats., is the appropriate forum for this administrative review. This conclusion compels us to reverse the trial court's review of actions of the Nursing Home Review Board and remand the case to be dismissed for lack of jurisdiction.

Medicaid funds, which are comprised of both state and federal moneys, are administered by the state of Wisconsin pursuant to the Social Security Act and ch. 49 of the Wisconsin Statutes. The Medicaid reimbursement plan for nursing homes in Wisconsin is set forth in sec. 49.45(6m), Stats.[2] After receiving a cost report

---

[1] "Medicaid" refers to funds made available under Title XIX of the Social Security Act, 42 USC § 1396 (1983).

[2] We are aware that certain subsections of sec. 49.45(6m), Stats., have been recently amended. Sec. 1052m through 1055,

from each nursing home, the Department of Health and Social Services classifies each cost into categories established by the Medicaid reimbursement formula.[3] Any costs which are not "allowable costs" are subtracted or disallowed. After all of the costs have been adjusted, the department computes the Medicaid reimbursement rate for each home. This rate is then multiplied by the number of days that a Medicaid patient receives care at a facility.

Dremel Bros., a partnership which operates several nursing homes in Wisconsin, submitted its report to the department pursuant to the above plan. Included in this report was a $100,000 general contracting fee for each of two nursing homes in Green Bay. After an audit of Dremel Bros. in 1979, the department disallowed this general contracting fee as a cost of construction in the 1980 reimbursement rate. Further, the department notified Dremel Bros. that it had been over-reimbursed for the years 1977–1979.[4]

Dremel Bros. appealed the adjustment to the Nursing Home Review Board. A hearing was held before the board which denied its request for a rate modification. Although the board heard the appeal, it openly questioned whether it had the authority to do so. No findings of fact or conclusions of law were made. Dremel Bros. appealed the board's action to the trial court. The

1983 Wis. Act 27. As these amendments did not become effective until July 2, 1983, they do not affect the outcome of this appeal. Sec. 2204, 1983 Wis. Act 27.

[3] The Medicaid reimbursement formula is approved annually by the Joint Finance Committee. Sec. 49.45(6m)(a)1., Stats.

[4] Prior to January 1, 1977, a uniform capital allowance was assigned to each facility based on the year it was built or acquired. Effective January 1, 1977, the Methods of Implementation for Resident Rate Reimbursement were revised so that reimbursement costs for capital allowance are directly related to the actual cost of constructing or purchasing the facility.

court reversed the board's decision, finding that "no basis in fact or law exists in this case to exclude the reasonable fees for general contracting from capital allowance." The trial court thus reached the merits. This appeal followed.[5]

The threshold issue in this appeal studies the scope of the Nursing Home Review Board's authority. Section 49.45(6m) (e), Stats., gives the Department of Health and Social Services the authority to establish an appeals mechanism (the board) to review petitions for modifications to any reimbursement rate. These modifications of a home's care rate may be granted "where demonstrated substantial inequities exist." *Id.* The section then goes on to list seven criteria which shall be taken into account in granting rate modifications. They are:

1. The efficiency and effectiveness of the facility if compared with facilities providing similar services and if valid cost variations are considered.
2. The effect of rate modifications upon compliance with federal upper limit regulations and other pertinent federal regulations governing Title XIX of the social security act.
3. The need for additional revenue to correct licensure and certification deficiencies.

---

[5] The Attorney General initially raises the procedural argument that the board is not the proper respondent under ch. 227, Stats. It argues that the Department of Health and Social Services is the body which exercises ultimate authority over the board; therefore, it is the agency that made the decision from which review is sought. We agree with the trial court that *Sunnyview Village, Inc. v. Department of Administration,* 104 Wis. 2d 396, 311 N.W.2d 632 (1981), applies in this situation. In *Sunnyview* at 412, 311 N.W.2d at 640, the Wisconsin Supreme Court held that service on a superior agency or department satisfied service requirements under sec. 227.16(1) (a), (b), Stats., for the subordinate agency. We hold that the *Sunnyview* rationale also applies to this situation where service is made on the subordinate agency. Therefore, service on the Nursing Home Review Board as respondent satisfies sec. 227.16.

4. The relationship between total revenue and total costs for all patients.
5. The existence and effectiveness of specialized programs for the chronically mentally ill.[6]
6. Exceptional patient needs.
7. Demonstrated experience in providing high quality patient care.

In reviewing these criteria, it can be seen that the board's power to grant equitable relief is somewhat limited. Nowhere does it state that the board has the discretionary power to override or reverse an auditor's determination as to allowability of costs. Rather, the criteria recognizes such items as specialized programs, exceptional patient needs, licensure and certification deficiencies, and cost problems that one facility may have in providing the same efficient services as other nursing homes. The board obtains a limited sum of money each year to correct inequities in the reimbursement rate for particular nursing homes based on these criteria and others it may find appropriate. Therefore, the board's ability to correct "substantial inequities" through the allocation of appropriated funds is a function entirely separate from the department's distribution of federally supported moneys allocated to nursing homes by the reimbursement formula plan. There is nothing in the statute that gives the board the power to review the department's disallowance of costs.[7]

If the board is an improper forum to appeal the department's audit determination, where does one go to seek

[6] Section 49.45(6m)(e)5., Stats., was amended to read: "The existence and effectiveness of specialized programs for the chronically ill *or developmentally disabled.*" Sec. 1052, 1983 Wis. Act 27.

[7] Our result is consistent with that reached by the Wisconsin Court of Appeals, District IV, in *Cameo Convalescent Center, Inc. v. Nursing Home Board of Appeals,* No. 81–024 (Ct. App. Nov. 20, 1981).

review of a cost disallowance? The Attorney General opines that a contested case hearing pursuant to sec. 227.064, Stats., may be the proper legal mechanism for review of cost adjustments. We hold that it is.

In *Town of Two Rivers v. DNR*, 105 Wis. 2d 721, 315 N.W.2d 377 (Ct. App. 1981), this court stated that sec. 227.064(1), Stats., establishes as a prerequisite to a contested case hearing under this section that the requesting party has been accorded at least some "right" to a hearing elsewhere in the statutes. *Id.* at 729, 315 N.W.2d at 381. In other words, if the individual has no right to any hearing under the statutes in the first instance, there is no right to a contested case hearing under sec. 227.064. Under this reading of sec. 227.064, Dremel Bros. would be left without a legal avenue of review.

The supreme court's recent opinion of *Wisconsin's Environmental Decade, Inc. v. DNR*, 115 Wis. 2d 381, 340 N.W.2d 722 (1983), offers a broader interpretation of sec. 227.064, Stats. Relying on its previous decision of *Nick v. State Highway Commission*, 21 Wis. 2d 489, 124 N.W.2d 574 (1963), the court held the phrase "hearing required by law" presupposes not only a hearing expressly provided by statute or administrative rule, but also encompasses those hearings required by due process. *Environmental Decade* at 406, 340 N.W.2d at 734. The supreme court said of our *Two Rivers* opinion:

[I]n *Town of Two Rivers, . . .* [the] court held that sec. 227.064 applies *only when* the petitioner has expressly been given a previous right to a hearing. The court of appeals limited its interpretation of the phrase "any other right provided by law" of sec. 227.064(1) as meaning a statutory right. In *Town of Two Rivers* at 729, 315 N.W.2d 377, the court stated: "The first clause of sec. 227.064(1), Stats., establishes a prerequisite. At the outset, citizens must first previously have been accorded at least some 'right' to a hearing elsewhere in the statutes." This court of appeals narrow reading of sec. 227.-

064(1) does not recognize our decision in *Nick v. State Highway Comm.*, 21 Wis. 2d 489, 124 N.W.2d 574 (1963) where we held the term "hearing required by law" presupposes either a hearing expressly provided by statute or administrative rule, or a hearing required by due process. We do not at this time reverse *Town of Two Rivers,* since these petitioners were not entitled to a contested hearing for other reasons.

*Id.* at 405–06, 340 N.W.2d at 734. (Citation omitted; emphasis in original.) In light of the supreme court's statement, we disavow our earlier interpretation of sec. 227.064 as being too narrow in scope. The more liberal reading of sec. 227.064 which allows for hearings when required by due process is the appropriate one.

Of course, the decision of whether due process mandates a hearing will depend on the facts of a particular case. However, we agree that this case-by-case approach is a more workable solution than our interpretation of sec. 227.064, Stats., espoused in *Two Rivers.*

The requirement of due process demands that Dremel Bros. be afforded a hearing pursuant to sec. 227.064, Stats., assuming it also meets the qualifications in sec. 227.064(1)(a) through (d). Procedural due process requires that the state afford an individual the opportunity to be heard at a meaningful time in a meaningful manner. *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976). In order to invoke the procedural guarantees of due process, we must determine whether the interest at stake deprives a person of interests encompassed by the fourteenth amendment's protection of liberty or property. *In the Interest of S.D.R.,* 109 Wis. 2d 567, 572–73, 326 N.W.2d 762, 765 (1982). "Applicants who have met the objective eligibility criteria of a wide variety of governmental programs have been held to be entitled to protection [as a property interest] under the due process clause." *Holbrook v. Pitt,* 643 F.2d 1261, 1278 n. 35 (7th

Cir. 1981). It is clear that Dremel Bros. has established a legitimate claim of entitlement for the Medicaid funds. Due process, therefore, requires that it receive the opportunity to challenge the sufficiency of the department's reasons for disallowing the general contractor's fee. Without this avenue of redress, it would be left without an outlet for review of the department's rate determination. Therefore, the appropriate forum for Dremel Bros.' grievance is a contested case hearing before an independent hearing examiner.

Because the board lacked the jurisdiction to review Dremel Bros.' rate modification request in the first instance, the trial court had no power to review the board's actions. Therefore, we reverse the trial court's decision and remand the case to be dismissed for lack of jurisdiction.[8]

*By the Court.*—Judgment reversed and remanded.

---

[8] We note that this decision does not deprive Dremel Bros. of a forum to dispute the auditor's determination. A hearing request was filed by Dremel Bros. under sec. 227.064, Stats. Although a pre-hearing conference was held the proceeding is apparently being held in abeyance pending the outcome of this appeal.