MILWAUKEE METROPOLITAN SEWERAGE DISTRICT, Petitioner-Appellant,

v.

WISCONSIN DEPARTMENT OF NATURAL RESOURCES, Respondent.†

Court of Appeals

*No. 83–1217. Submitted on briefs October 17, 1984.—Decided December 3, 1984.*
(Also reported in 362 N.W.2d 158.)

† Petition to review granted.

For the petitioner-appellant the cause was submitted on the briefs of the *Milwaukee Metropolitan Sewerage District*, with *Michael J. McCabe*, director of legal services, *David S. Branch*, and *Susan B. Anthony* of counsel, of Milwaukee.

For the respondent the cause was submitted on the briefs of *Bronson C. La Follette*, attorney general, with

*Carl A. Sinderbrand,* assistant attorney general of counsel, of Madison.

Before Wedemeyer, P.J., Moser and Sullivan, JJ.

WEDEMEYER, P.J. The Milwaukee Metropolitan Sewerage District (District) appeals from an order denying its request for a contested hearing under sec. 227.064, Stats. Because the District is entitled to a contested hearing under sec. 227.064(1), we reverse.

Section 144.04, Stats., provides that every owner of a sewerage system must submit plans for a new facility to the Department of Natural Resources (DNR). The DNR then will "approve, approve conditionally or reject the plans and shall state in writing any conditions of approval . . . ." Sec. 144.04.

The District is presently engaged in a major expansion program to prevent water pollution which it has estimated will cost more than $2 billion. The District adopted a "Master Facilities Plan" for the program, which the DNR conditionally approved in 1980. Subsequently, the District formulated more definite plans for specific systems within the master plan. This necessitated additional submissions to the DNR. This appeal concerns one of the component systems of the master plan, an in-line sewer storage system.

The proposed sewer storage system will terminate at the District's sewage treatment plant on Jones Island in Lake Michigan. The storage system will consist of two sewers tunneled in rock at a depth of 300 feet. One sewer line will extend westerly under the Menomonee River, while the second will extend northerly under the Milwaukee River. The combined length of these two sewers will be approximately fifteen miles.

This new system will increase the District's capacity for carrying flows of sewage to its treatment plant and, at the same time, allow for the storage of excess flowage

until the plants are able to provide treatment. This added capacity is needed particularly during periods of heavy rain and melting snow.

The master plan as originally submitted called for a one-foot lining of concrete along the full length of the two storage sewer lines to protect against seepage. Subsequent studies conducted by the District demonstrated, according to the District, that a full lining was unnecessary. The District therefore amended the in-line storage plan to provide for only a partial lining, at an estimated saving of $45 million.

On August 27, 1982, the DNR issued a letter of conditional approval of the newly submitted plans but required that all portions of the two sewers be lined with one foot of concrete. Pursuant to sec. 227.064, Stats., the District filed a written request for a contested administrative hearing before the DNR on the lining issue. The DNR denied this request. On October 21, 1982, the District filed a petition under sec. 227.15 for review of DNR's denial of the request for a contested hearing. The circuit court held that the District did not have a right to a contested hearing under sec. 227.064 and dismissed the petition.

The dispositive issue of whether sec. 227.064(1), Stats., creates a right to a contested hearing which is not dependent upon a right to a hearing established elsewhere in the statutes.

When the DNR denied the District's request for a contested hearing, it relied on this court's interpretation of sec. 227.064(1), Stats., in *Town of Two Rivers v. DNR*, 105 Wis. 2d 721, 729, 315 N.W.2d 377, 381 (Ct. App. 1981). Since there is no indication to the contrary, we presume the circuit court dismissed the District's petition for the same reason.

Section 227.064(1), Stats., provides:

In addition to any other right provided by law, any person filing a written request with an agency for hearing shall have the right to a hearing which shall be treated as a contested case if:

(a) A substantial interest of the person is injured in fact or threatened with injury by agency action or inaction;

(b) There is no evidence of legislative intent that the interest is not to be protected;

(c) The injury to the person requesting a hearing is different in kind or degree from injury to the general public caused by the agency action or inaction; and

(d) There is a dispute of material fact.

One of the issues in *Two Rivers* was the interpretation of the first clause of sec. 227.064(1): "In addition to any other right provided by law . . . ." We interpreted that clause to require a preexisting statutory right to a hearing before the statute could be invoked to provide a contested hearing. In *Wisconsin's Environmental Decade v. DNR,* 115 Wis. 2d 381, 406, 340 N.W.2d 722, 734 (1983), the supreme court, although not deciding the same issue we face, was presented with the same argument. It stated:

[The] court of appeals' narrow reading of sec. 227.064 (1) does not recognize our decision in *Nick v. State Highway Comm.,* 21 Wis. 2d 489, 124 N.W.2d 574 (1963) where we held the term "hearing required by law" presupposes either a hearing expressly provided by statute or administrative rule, *or a hearing required by due process.* [Emphasis added.]

The supreme court concluded, however, that the situation before it was inappropriate for reversing *Two Rivers'* interpretation of sec. 227.064(1). *Id.*

Shortly after *Decade* was decided, this court again considered sec. 227.064(1), Stats., in *Dremel v. Nursing Home Review Board,* 119 Wis. 2d 75, 349 N.W.2d 725 (Ct. App. 1984). Mindful of *Decade,* we "disavowed"

our earlier interpretation of sec. 227.064(1) and explained:

> The more liberal reading of sec. 227.064 which allows for hearings when required by due process is the appropriate one.
>
> Of course, the decision of whether due process mandates a hearing will depend on the facts of a particular case. However, we agree that this case-by-case approach is a more workable solution than our interpretation of sec. 227.064, Stats., espoused in *Two Rivers*.
>
> The requirement of due process demands that Dremel Bros. be afforded a hearing pursuant to sec. 227.064, Stats., assuming it also meets the qualifications of sec. 227.064(1)(a) through (d) . . . .

*Id.* at 82, 349 N.W.2d at 729.

*Dremel* seeks to respond to the criticism made in *Decade,* but in doing so, renders the meaning of the first clause of the statute uncertain. We reach this conclusion for the following reason. The *Decade* court's comment on *Two Rivers* can be interpreted in two ways. First, it can be understood to fault *Two Rivers* on two counts; as narrow *and* as unmindful of due process. Second, it can be understood as raising only one fault: The *Two Rivers* rule is too narrow *because* it fails to heed due process requirements. *Dremel* appears to adopt the latter reading of *Decade* and to engraft a due process hearing onto the existing *Two Rivers* rule.[1]

Because the comment in *Decade* lends itself to two interpretations, we are not satisfied that *Dremel* ade-

---

[1] We acknowledge that the last sentence of the passage cited from *Dremel v. Nursing Home Review Board,* 119 Wis. 2d 75, 82, 349 N.W.2d 725, 729 (Ct. App. 1984), can be construed in a contrary manner. We do not read *Dremel,* however, as standing for the proposition that sec. 227.064(1)(a)–(d), Stats., is the test for satisfying due process requirements. Hence, we conclude that *Dremel* does not satisfactorily answer *Decade's* criticism of *Two Rivers* and allows the meaning of sec. 227.064(1) to remain ambiguous.

quately corrects the shortcomings of *Two Rivers*. Because of our doubt about *Two Rivers'* vitality, we do not regard it as *stare decisis* for our interpretation of sec. 227.064(1), Stats.

We further determine that the supreme court's criticism of *Two Rivers* causes sec. 227.064(1), Stats., to become ambiguous. It raises, but leaves open, the question whether a person who has no right to a hearing under another statute or under the due process clause might nevertheless be entitled to a hearing under sec. 227.064(1). A statute is ambiguous when it can be understood by reasonably well-informed individuals in two or more different ways. *State v. Folk,* 117 Wis. 2d 42, 45, 342 N.W.2d 761, 763 (Ct. App. 1983). Construction of an ambiguous statute poses a question of law, *Robinson v. Kunach,* 76 Wis. 2d 436, 446, 251 N.W.2d 449, 453 (1977), and invites a review of the legislative history of the statute. *Id.* at 444, 251 N.W.2d at 452.

Section 227.064(1), Stats., protects the "substantial interests" of a person from injury by the action or inaction of an agency. If a person has a substantial interest which is threatened by injury, he or she may be able to obtain a contested hearing. Due process, by contrast, protects only those interests defined as "liberty" or "property" interests under the fourteenth amendment. *See Board of Regents v. Roth,* 408 U.S. 564, 570–71 (1972). The statutory concept of "substantial interest" provides broader protection than does the due process clause. If due process is added to sec. 227.064(1), rather than considered a part of it, at the very least subsecs. (a) and (b) becomes superfluous. Constructions of a statute which render parts of the statute superfluous should be avoided. *Donaldson v. State,* 93 Wis. 2d 306, 315, 286 N.W.2d 817, 821 (1980). We therefore conclude, con-

trary to *Dremel,* that a due process analysis is not required if the qualifications of sec. 227.064(1)(a)–(d) are satisfied, because the statute is broad enough to encompass due process and more.

The Judicial Council Note to 1975 Assembly Bill 163, which created sec. 227.075, Stats. (renumbered sec. 227.064 by sec. 716o, ch. 418, Laws of 1977), provides support for this conclusion. The Note states in part:

This new section is intended to fill in some gaps where hearing rights ought to be provided but there is no specific authorization on the statutes. Some "standing" cases in the appellate courts based on a denial of due process of law would have been avoided if there were a general residual right to hearing provisions such as the one proposed here.

This language reasonably suggests that the legislature intended to satisfy due process requirements through the application of subsecs. (a)–(d) of sec. 227.064(1), rather than through a due process analysis which would be in addition to the protection afforded by the statute.

This analysis leads us to one conclusion: *Decade* disposes of *Two Rivers's* preexisting hearing rule, rather than adding to *Two Rivers* a redundant due process analysis.

This analysis also avoids the problem that the District, because it is a quasi-municipal corporation, may fall under the rule of *City of Marshfield v. Town of Cameron,* 24 Wis. 2d 56, 127 N.W.2d 809 (1964). That case held that a municipality cannot complain of a denial of due process when the complaint pertains to the effect of a state statute upon the municipality. *Id.* at 63, 127 N.W.2d at 813.

Because sec. 227.064(1), Stats., requires only that subsecs. (a)–(d) be satisfied before a contested hearing must be granted, the District will be granted a hearing

if it meets these requirements. We must therefore examine each subsection to determine the District is eligible for a contested hearing.

Subsection (a) requires that a person have a substantial interest which is "injured in fact or threatened with injury" by agency action. Section 990.01, Stats., defines "person" as including "bodies politic." The District is a municipal corporation organized pursuant to sec. 66.882, Stats., and is therefore a body politic or a person. The DNR's decision that all portions of the in-line sewer have a one-foot lining of concrete threatens (1) the District's interest in avoiding the projected cost of $45 million to the District (and ultimately to the taxpayers within the district), and (2) the District's interest in executing its master plan. We perceive these interests as substantial.

Subsection (b) requires no evidence of legislative intent not to protect the interest. We have found no indication that the legislature intended that interests such as the District's should go unprotected.

Subsection (c) requires that the injury to the person requesting the hearing be different in kind or degree from the injury caused to the general public. The injuries threatened to the District are distinct from any injury to the general public. First, the District and its taxpayers will have to bear the cost of the lining; the general public of the state will not be affected. Second, the general public will not be injured at all by the District's inability to execute its master plan, as long as *some* plan is executed.

Subsection (d) requires a dispute of material fact. The fulfillment of this prerequisite goes to the very heart of this dispute. The District has held the position since it first submitted plans for an in-line storage system that additional data might call into question the need for a complete lining of one foot of concrete. The District

alleges that later studies confirmed its conclusion that the lining would be unnecessary. We thus conclude there is a dispute of material fact. The District therefore is entitled under sec. 227.064(1), Stats., to a contested hearing on the issue of the concrete lining.

*By the Court.*—Order reversed and cause remanded for proceedings consistent with this opinion.