MILWAUKEE METROPOLITAN SEWERAGE DISTRICT,
Petitioner-Appellant,

v.

Wisconsin DEPARTMENT OF NATURAL RESOURCES, Respondent-Petitioner.

Supreme Court

*No. 83–1217. Argued September 5, 1985.—
Decided October 29, 1985.*

(Also reported in 375 N.W.2d 649.)

For the respondent-petitioner the cause was argued by *Carl A. Sinderbrand,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the petitioner-appellant the cause was argued by *David S. Branch,* senior staff attorney, with whom on the brief was *Michael J. McCabe,* director of legal services.

WILLIAM G. CALLOW, J.  This is a review of a decision of the court of appeals reversing an order of the circuit court for Milwaukee county, Judge Harold B. Jackson, Jr., dismissing the petition of respondent, Milwaukee Metropolitan Sewerage District (District), for review of the Department of Natural Resources' (DNR) denial of respondent's request for a contested case hear-

ing under sec. 227.064(1), Stats. We affirm the decision of the court of appeals.

The issue on appeal is whether the District satisfies the requirements for a contested case hearing contained in sec. 227.064(1), Stats. Specifically, we must decide whether sec. 227.064(1) creates an independent right to a contested case hearing; and, if so, whether the District satisfies the qualifying conditions outlined in sec. 227.064(1)(a)–(d).

In 1977, pursuant to court order, the District initiated a massive water pollution abatement program, which initially was expected to cost 1.6 billion dollars. When completed, the system will eliminate the discharge of raw and partially treated sewage into area waterways and ensure compliance with applicable treatment standards. In accordance with sec. 144.04, Stats., the District, in 1980, submitted to the DNR its Master Facilities Plan (MFP), a general, conceptual outline of the major elements of the District's abatement program. Under sec. 144.04, the DNR is instructed to approve, approve conditionally, or reject the plan, stating in writing any conditions of approval. After preparing an environmental impact statement and conducting hearings, the DNR conditionally approved the MFP in June, 1981.

This case concerns one element of the MFP—the inline storage system or "deep tunnels." The inline system consists of two large interceptor sewers tunneled in rock between 300 and 400 feet underground. The major purpose of the sewers is to provide storage capacity during periods of peak flow; excess sewage will be contained in the tunnels, thereby preventing an overload of the system during which untreated sewage would flow into Lake Michigan and local rivers.

As generally described in the MFP, the inline system tunnels were to be fully lined with one-foot thick concrete to protect against leaks. In conditionally approving the MFP, however, the DNR instructed the District

to conduct further tests regarding the possibility of groundwater or sewage infiltrating into or out of the tunnels. After further study, the District concluded that a concrete lining would not provide added protection against infiltration because the concrete used for lining would be as permeable or more permeable than the rock in which the tunnels would be built. Accordingly, in February of 1982, when the District submitted a more detailed Inline Storage Facilities Plan to the DNR for approval, the plan did not call for concrete lining throughout the tunnels. By omitting the concrete lining, the District expected to save approximately forty-five million dollars.

In August of 1982, the DNR conditionally approved the Inline Storage Facilities Plan. The DNR required, as one of the conditions for approval, that all portions of the deep tunnels be lined with one foot of concrete. The District responded by demanding a contested case hearing under sec. 227.064, Stats., on the requirement that the deep tunnels be lined with concrete. The DNR denied the District's request, believing that sec. 227.064 (1), as construed in *Town of Two Rivers v. DNR*, 105 Wis. 2d 721, 315 N.W.2d 378 (Ct. App. 1981), did not authorize a contested case hearing unless the District had a preexisting hearing right under another statute.

In October of 1982, the District filed a petition with the circuit court for Milwaukee county seeking review under sec. 227.15, Stats., of the DNR's denial of the request for a contested hearing. In May of 1983, the circuit court held that the District did not have a right to a contested hearing.

The District filed a notice of appeal with the court of appeals in November, 1983. In July, 1984, this court denied certification of the appeal. The parties then submitted the case on briefs. In December, 1984, the court of appeals reversed the circuit court's decision and ruled that the District was entitled to a contested hearing

under sec. 227.064(1), Stats., even though the District did not have a preexisting hearing right. *Milwaukee Metropolitan Sewerage District v. DNR,* 122 Wis. 2d 330, 362 N.W.2d 158 (Ct. App. 1984). This court granted the DNR's petition for review on March 5, 1985.

In this case we must decide the circumstances in which a party is entitled to a contested hearing under sec. 227.064(1), Stats. The DNR claims that the District is not entitled to a contested case hearing under sec. 227.064(1) because the District lacks a preexisting right to a statutory hearing and does not have a right to a due process hearing. The District contends, however, that to receive a contested hearing under sec. 227.064(1) it does not need to possess a preexisting hearing right, but only needs to satisfy the conditions delineated in sec. 227.064(1)(a)–(d).

Section 227.064(1), Stats., provides:

"In addition to any other right provided by law, any person filing a written request with an agency for hearing shall have the right to a hearing which shall be treated as a contested case if:

"(a) A substantial interest of the person is injured in fact or threatened with injury by agency action or inaction;

"(b) There is no evidence of legislative intent that the interest is not to be protected;

"(c) The injury to the person requesting a hearing is different in kind or degree from injury to the general public caused by the agency action or inaction; and

"(d) There is a dispute of material fact."

In denying the District's request for a contested hearing, the DNR relied on *Town of Two Rivers v. DNR, supra.* The *Two Rivers* court reviewed the first clause of sec. 227.064(1), Stats., and concluded that it established a prerequisite—a person must have a preexisting statutory right to a hearing to be entitled to a contested hearing afforded by sec. 227.064. *Two Rivers,* 105 Wis.

2d at 729. Because the District did not and could not assert a preexisting statutory hearing right, the DNR denied its request for a contested hearing.

We criticized the *Two Rivers* holding in *Wisconsin's Environmental Decade v. DNR,* 115 Wis. 2d 381, 340 N.W.2d 722 (1983). In *Decade* the plaintiffs asserted, inter alia, a right to a contested hearing under sec. 227.064, Stats. The DNR followed the *Two Rivers* holding and ruled that petitioners did not have a right to a contested hearing because they failed to cite any statutory provision which afforded them a hearing right, failed to identify an injury to a substantial interest, and failed to allege an injury different in kind or degree from injury to the general public. On appeal, the DNR also argued that the petitioners did not have a hearing right because the DNR's decision not to grant petitioners a hearing was discretionary. *Id.* at 405–06.

In reviewing the DNR's decision to deny petitioners a hearing, we expressed concern about the DNR's reliance on *Two Rivers.* We stated that *Two Rivers'* narrow interpretation of sec. 227.064(1), Stats., failed to recognize our decision in *Nick v. State Highway Commission,* 21 Wis. 2d 489, 124 N.W.2d 574 (1963), in which we held that the phrase "hearing required by law," as found in sec. 227.01(2), Stats., 1963,[1] "presupposes either a hearing expressly provided by statute or administrative rule, or a hearing required by due process." *Decade,* 115 Wis. 2d at 406. Nonetheless, we did not reverse *Two Rivers* at that time because the petitioners were not entitled to a contested hearing for other reasons. Section

---

[1] Section 227.01(2), Stats., 1963, provides:

" 'Contested case' means a proceeding before an agency in which, after hearing required by law, the legal rights, duties or privileges of any party to such proceeding are determined or directly affected by a decision or order in such proceeding and in which the assertion by one party of any such right, duty or privilege is denied or controverted by another party to such proceeding."

227.064(3), Stats.,[2] specifically refuted the petitioners' claim of a right to a contested hearing because the DNR had discretion in deciding whether to grant a hearing. *Decade,* 115 Wis. 2d at 407.

Since our criticism of the *Two Rivers* holding, two decisions of the court of appeals have given differing interpretations to sec. 227.064(1), Stats. In *Dremel v. Nursing Home Review Board,* 119 Wis. 2d 75, 349 N.W. 2d 725 (Ct. App. 1984), the court of appeals concluded that the *Decade* criticism mandated a broader interpretation of sec. 227.064(1). Accordingly, the *Dremel* court disavowed the holding in *Two Rivers* that a person could gain access to sec. 227.064 only with a preexisting statutory hearing right. Instead, it held that a party can proceed under sec. 227.064 with either a preexisting statutory hearing right or a right to a hearing required by due process. *Dremel,* 119 Wis. 2d at 81–82.

In the instant case, however, the court of appeals found that the *Dremel* interpretation of sec. 227.064(1), Stats., lacks internal consistency. After determining that subsections (a) through (d) of sec. 227.064(1) incorporate due process concerns, the court of appeals held that the *Dremel* court made subsections (a) and (b) superfluous when it made a preexisting due process hearing right a prerequisite to a contested hearing. Because courts should avoid construing a statute in a manner which renders parts of the statute superfluous, *Donaldson v. State,* 93 Wis. 2d 306, 315, 286 N.W.2d 817 (1980), the court of appeals concluded that the *Dremel* court's interpretation of sec. 227.064(1) was improper. *Milwaukee Metropolitan Sewerage District v. DNR,* 122 Wis. 2d at 336–37. The court of appeals found that

---

[2] Section 227.064(3), Stats., provides:

"This section does not apply to rule-making proceedings or rehearings, or to actions where hearings at the discretion of the agency are expressly authorized by law."

*Decade's* criticism of the *Two Rivers* holding only makes sense if *Decade* completely eliminated the *Two Rivers* preexisting hearing rule. Thus, the court of appeals held that sec. 227.064(1) creates an independent right to a contested hearing. To receive a contested case hearing, a person needs to satisfy only the conditions outlined in subsections (a)–(d) of sec. 227.064(1). *Id.* at 337.

The DNR argues that the court of appeals' decision conflicts with the *Dremel* decision and this court's comments in *Decade*. The DNR also contends that the court of appeals' interpretation of sec. 227.064(1), Stats., is inconsistent with legislative intent because it dramatically expands the availability of a contested hearing. The District maintains that the court of appeals' decision is consistent with the *Decade* decision and is supported by the language of the statute and the legislative history.

To resolve this dispute, we must determine the proper construction of sec. 227.064(1), Stats. The construction of a statute is a question of law. *Sacotte v. Ideal-Werk Krug & Priester,* 121 Wis. 2d 401, 405, 359 N.W.2d 393 (1984). The court need not defer to the trial court or the court of appeals when deciding a question of law. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984). In construing a statute, the court first must resort to the language of the statute itself. If the statute's meaning is clear on its face, the court will not look outside the statute to determine legislative intent. *Wisconsin Electric Power Co. v. Public Service Commission,* 110 Wis. 2d 530, 534, 329 N.W.2d 178 (1983). The court should examine the scope, history, context, subject matter, and object of the statute to discern legislative intent only when the language of a statute is ambiguous or unclear. *Green Bay Redevelopment Authority v. Bee Frank,* 120 Wis. 2d 402, 409, 355 N.W.2d 240 (1984).

The language of sec. 227.064(1), Stats., is clear and unambiguous. The statute begins with the clause: "In addition to any other right provided by law," and then states that *"any person* filing a written request with an agency for hearing shall have the right to a hearing. . . ." (Emphasis added.) The first clause clearly does not modify *person* in a manner that would restrict who is eligible to file a request for a hearing. The clause is neither an essential clause nor a restrictive clause. It is descriptive. It indicates that a person able to satisfy the conditions outlined in subsections (a) through (d) shall have a right to a hearing under sec. 227.064(1), *even if* the person has other rights provided by law. It does not indicate that a person seeking a contested hearing must have a preexisting hearing right. In its decision, the court of appeals correctly determined that sec. 227.064 creates an independent right to a hearing, conditioned only on the satisfaction of the elements outlined in sec. 227.064(1)(a)–(d). In affirming the court of appeals' decision, we overrule the decisions in *Town of Two Rivers v. DNR, supra,* and *Dremel v. Nursing Home Review Board, supra,* to the extent that these decisions are inconsistent with our holding.

Our decision today is consistent with *Decade.* In *Decade* we admonished the *Two Rivers* court for interpreting sec. 227.064(1), Stats., too narrowly. *Decade,* 115 Wis. 2d at 406. The *Two Rivers* court interpreted the phrase "[i]n addition to any other right provided by law" to require a preexisting statutory hearing right. *Two Rivers,* 105 Wis. 2d at 729. Criticizing this holding by the *Two Rivers* court, we noted in *Decade* that the phrase "hearing required by law," contained in the definition of contested case in sec. 227.01(2), Stats., "presupposes either a hearing expressly provided by statute or administrative rule, or a hearing required by due process." *Decade,* 115 Wis. 2d at 406. Contrary to the

*Dremel* court's conclusion, the crux of this criticism did not focus on *Two Rivers'* failure to address due process concerns; rather, it focused on the redundancy created by *Two Rivers'* interpretation of sec. 227.064(1). Under the *Two Rivers'* interpretation, sec. 227.064 adds nothing to the Administrative Procedure and Review Chapter of the Wisconsin Statutes that is not already provided in sec. 227.01(2). Our decision today gives sec. 227.064 a purpose consistent with *Decade* and the statutory scheme embodied in Chapter 227.[3]

In essence, sec. 227.064(1), Stats., creates a residual hearing right. It serves as a safety net, affording a hearing right to those who are not granted a specific right to a hearing by other statutory provisions or administrative rules. To receive a hearing under sec. 227.064(1), however, a person must satisfy the conditions delineated in subsections (a) through (d). The District shall be entitled to a contested hearing, therefore, only if it fulfills the requirements outlined in subsections (a) through (d).

Taken together, subsections (a) and (b) describe the type of interest that will entitle a person to a contested hearing, if agency action or inaction threatens injury to the interest. Subsection (c) delineates the nature of the injury the person seeking a hearing must suffer to qualify for a hearing. Finally, subsection (d) assures that the person asserting a right to a contested hearing

---

[3] The DNR also contends that the court of appeals' holding conflicts with the legislature's intent. Having concluded that the statute is not ambiguous, we need not look beyond the language of the statute to determine legislative intent. In deciding that sec. 227.064(1), Stats., creates an independent hearing right, however, the court of appeals reviewed the legislative history of the section and concluded that the legislative history supported its decision. *See Milwaukee Metropolitan Sewerage District v. DNR*, 122 Wis. 2d 330, 337, 362 N.W.2d 158 (Ct. App. 1984). We find no basis to question the reasoning of the court of appeals.

will present a claim which is ripe for resolution in an adversarial setting. Although each condition requires separate consideration, they can be understood properly only when viewed together.

To qualify for a contested hearing a person initially must prove that agency action or inaction caused injury in fact or threatened injury to a "substantial interest" of the person. A person also must prove that the legislature has not evinced an intent to deny the protection of a hearing right to persons asserting such an interest. Next, the person must prove that the injury complained of is "different in kind or degree from injury to the general public." Finally, a person must prove that there exists a dispute of material fact.

Subsection (a) commands that the agency action or inaction must injure a substantial interest for a person to receive a contested hearing under sec. 227.064(1), Stats. The DNR's decision to require a concrete lining throughout the tunnels, the court of appeals concluded, threatens injury to the District's substantial interest in avoiding the lining's projected cost of nearly forty-five million dollars and in executing its master plan. The District is the entity statutorily authorized to plan, design, finance, construct, maintain, and operate the sewerage system in the Milwaukee metropolitan area. *See* secs. 66.89–66.91, Stats. It has a substantial interest in carrying out its plans in accordance with its own technical and financial judgments. By requiring the District to alter the master plan to accommodate the installation of concrete linings throughout the tunnels, at a cost of many millions of dollars, the DNR forces the District to incur substantial additional expense. The DNR's requirement threatens injury to the District's substantial interest in fiscal restraint and to the District's substantial interest in executing its statutory duties.

■

Subsection (b) dictates that a person is not entitled to a contested hearing if there is any evidence of legislative intent to leave the asserted interest unprotected. We find no evidence of legislative intent to leave the District's interest unprotected.

■

Subsection (c) requires that the person seeking a contested hearing suffer an injury different in degree or kind from the injury to the general public. The concrete lining required by the DNR would cause the District to suffer financial injury different in degree from the injury to the general public. The District finances its sewerage improvements through borrowing and direct tax levies on District residents. Although the state and the federal governments also provide funding for the improvements, the District would bear the greatest share of the additional cost attributable to the lining. The DNR's lining requirement also causes injury to the District's interest in executing its statutory duties. This injury is different in degree and kind from injury to the general public.

■

Subsection (d) requires a dispute of material fact. The focal point of this entire case is the dispute between the District and the DNR regarding the need for a concrete lining throughout the deep tunnels. Clearly, this is a dispute of material fact.

We have concluded that sec. 227.064(1), Stats., creates an independent right to a hearing conditioned only on the satisfaction of the elements outlined in sec. 227.064 (1)(a)-(d). The application of sec. 227.064 is not dependent upon a preexisting hearing right. Because the District satisfies each of the four conditions described in sec. 227.064(1)(a)-(d), we affirm the court of appeals' ruling that the District is entitled to a contested case

hearing on the need for a concrete lining throughout the deep tunnels.

*By the Court.*—The decision of the court of appeals is affirmed.