WASTE MANAGEMENT OF WISCONSIN, INC., a
domestic corporation, Petitioner-Appellant,†

v.

State of Wisconsin, DEPARTMENT OF NATURAL
RESOURCES, Respondent.

Court of Appeals

*No. 87–1429. Submitted on briefs February 8, 1988.—Decided
June 14, 1988.*

(Also reported in 427 N.W.2d 404.)

† Petition to review granted.

For the petitioner-appellant the cause was submitted on the briefs of *Friebert, Finerty & St. John* by *Robert H. Friebert, William S. Roush, Jr.* and *Caren B. Goldberg,* of Milwaukee.

For the respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, by *Carl A. Sinderbrand,* assistant attorney general.

Before Moser, P.J., Sullivan and Brown, JJ.

SULLIVAN, J.   Waste Management of Wisconsin, Inc. (Waste Management) appeals an order granting the Department of Natural Resources' (DNR) motion to remand for findings of fact and conclusions of law and to dismiss Waste Management's petition for review. Five issues are raised on appeal: (1) whether due process requires the DNR to provide notice and a hearing concerning the modification of the approved plan of operation for the Muskego Landfill, (2) whether the threat of enforcement of the proposed modifications deprives Waste Management of due process, (3) whether Waste Management is entitled to a contested case hearing, (4) whether Waste Management is denied equal protection of the law, and (5) whether Waste Management is entitled to a judgment reversing, vacating and setting aside the proposed modifications. We conclude that due process does not require a full-fledged evidentiary hearing. It does require, however, when conditions of construction are modified, that Waste Management be given notice and an opportunity to present reasons why the proposed action should not be taken. We further conclude that the threat of enforcement does not deprive Waste Management of due process, that Waste Management was not entitled to a contested case hearing nor was it denied equal protection of the law, and that Waste Management was not entitled to a judgment reversing, vacating and setting aside the proposed modifications.

Waste Management operates the Metro Sanitary Landfill pursuant to a license issued by the DNR. On July 31, 1981, the DNR approved a proposed plan of operation for the Metro Landfill allowing for the continued filling of the existing northern sixty acre area as well as development and filling of a forty acre parcel of land located immediately south of the "East Hill." During the excavation of the "Southern 40," it became evident to both Waste Management and the DNR that certain aspects of the engineering design developed for the Southern 40 had become outdated. Following discussions with the DNR, Waste Management modified the plan of operation for the Southern 40 and submitted the proposed modification to the DNR for approval. On August 28, 1984, the DNR sent a letter to Waste Management approving the proposed modification, but listing twenty additional conditions and recommendations. Waste Management filed a petition for judicial review challenging the additional conditions and recommendations. The trial court remanded the matter to the agency for findings of fact and conclusions of law and dismissed Waste Management's petition for review.

Waste Management contends that due process requires the DNR to provide notice and a hearing concerning the modification (the twenty conditions and recommendations) of the approved plan of operation.

Waste Management's interest in its license to operate the Metro site is a property interest which merits due process protection to the extent that Waste Management is entitled to operate the site free from modification of the conditions of construction. *Waste Management of Wisconsin, Inc. v. Department of Natural Resources,* 128 Wis. 2d 59, 77, 381 N.W.2d 318,

326 (1986). Due process, in this instance, requires that Waste Management be given "[t]he opportunity to present reasons, either in person or in writing, why proposed action should not be taken." *Id.* at 80, 381 N.W.2d at 327. "[T]his type of exchange, if supplemented by judicial review, sufficiently minimizes the risk of an erroneous deprivation of Waste Management's interest." *Id.* A full-fledged evidentiary hearing before the DNR is not required. *Id.* at 80, 381 N.W.2d at 327–28.

In the present case, Waste Management and the DNR were in agreement that the original plan of operation should be modified. The record indicates that Waste Management and the DNR had several discussions concerning needed modifications. Waste Management submitted a plan modification to the DNR for its approval. The DNR approved the proposed plan, but set forth twenty additional conditions and recommendations. The majority of the conditions and recommendations reiterated existing conditions, recommended certain changes, required additional testing, set forth certain procedures to be followed, or expressed concerns and requested additional information. Others required the installation of controls for submersible pumps, the placement of filter fabric at the bottom of trenches, the addition of perforated leachate collection lines, and the placement of twelve leachate head wells. All twenty of these conditions were in response to Waste Management's proposal and their necessity explained by the DNR. However, the conditions relating to the installation of the controls for submersible pumps, the placement of filter fabric at the bottom of trenches, the addition of perforated leachate collection lines, and the place-

ment of twelve leachate head wells involve conditions of construction. Because it is unclear whether these modifications were previously discussed by Waste Management and the DNR, we direct the DNR to provide Waste Management with an opportunity to respond to these modifications.

Waste Management also argues that threat of enforcement of the proposed modifications compounds the due process deprivations it has suffered. Waste Management cites *Ex Parte Young*, 209 U.S. 123 (1908) and *St. Louis, Iron Mountain, & Southern Railway Co. v. Williams*, 251 U.S. 63 (1919), in support of this contention.

*Young* and *Williams* both involved statutorily imposed railway rates. The only way the railroads could challenge the rates was by disobeying the statutes and risking the imposition of severe penalties. In both cases, the Supreme Court held that the enforcement of a rate, where the carrier was not afforded adequate opportunity for testing the validity of the rate, was a denial of due process. *Young*, 209 U.S. at 148; *Williams*, 251 U.S. at 64–65.

■

In the present case, Waste Management has adequate opportunity for testing the validity of the modifications. Waste Management may seek review of the DNR's decision pursuant to Chapter 227, Stats. Therefore, the threat of enforcement does not deprive Waste Management of due process.

■

Waste Management further contends that it was entitled to a contested case hearing pursuant to secs. 227.01, 227.44, 227.45, and 227.51, Stats. We disagree.

Section 227.01(3), Stats., provides in part:

"Contested case" means an agency proceeding in which the assertion by one party of any substantial interest is denied or controverted by another party and in which, after a hearing required by law, a substantial interest of a party is determined or adversely affected by a decision or order.

Waste Management has no due process or statutory right to a hearing before the DNR concerning the modification of the approved plan of operation for the Metro site. This matter, therefore, does not meet the definitional requirements of a "contested case" and is not subject to the provisions of Chapter 227, Stats., concerning contested cases.

■

Waste Management also argues that it was denied equal protection of the law because it was not entitled to a contested case hearing. There is no merit in Waste Management's argument. "Equal protection of the law is denied only where the legislature has made an irrational or arbitrary classification." *Omernick v. State,* 64 Wis. 2d 6, 18–19, 218 N.W.2d 734, 742 (1974). Waste Management has failed to show that *any* classification is made under sec. 227.01(3), Stats., or that the law was applied unequally.

Waste Management cites *Milwaukee Metropolitan Sewerage District v. DNR,* 126 Wis. 2d 63, 375 N.W.2d 648 (1985) and *Milwaukee Brewers Baseball Club v. DHSS,* 130 Wis. 2d 79, 387 N.W.2d 254 (1986), in support of its equal protection argument. Both cases, however, address the right to a contested case hearing under sec. 227.064, Stats. (1983–84), and are inapplicable. Sec. 227.064 has been renumbered and is currently sec. 227.42, Stats. Sec. 227.42 "confers a right to a contested case hearing before an administrative agency on persons who meet its criteria for

standing unless exceptions in subsections (3) or (5) apply." *Waste Management,* 128 Wis. 2d at 85, 381 N.W.2d at 330. Sec. 227.42(3), provides in part: "This section does not apply to ... actions where hearings at the discretion of the agency are expressly authorized by law." "Subsection (3) clearly makes sec. [227.42] inapplicable to an action of an administrative agency if the agency has legal authority to hold hearings on the action at its discretion." *Waste Management,* 128 Wis. 2d at 85, 381 N.W.2d at 330.

Section 144.431(2)(a), Stats., gives the DNR discretion to hold a hearing concerning modifications to the approved plan of operation and does not require the DNR to do so. Because the DNR has discretion to hold a hearing, sec. 227.42(3), Stats., is applicable and Waste Management has no right to a contested case hearing under sec. 227.42. *See Id.* at 86, 381 N.W.2d at 330.

Finally, Waste Management contends that it was entitled to judgment reversing, vacating and setting aside the plan of operation modification because the DNR failed to make findings of fact and conclusions of law. We disagree.

Section 227.57(4), Stats., provides that "[t]he court shall remand the case to the agency for further action if it finds that either the fairness of the proceedings or the correctness of the action has been impaired by a material error in procedure or a failure to follow prescribed procedure."

■

The DNR failed to make findings of fact and conclusions of law as required by sec. 227.47, Stats. As a result, the trial court was unable to review the merits of the DNR's proposed modifications. Accordingly, we conclude that the trial court properly

remanded the matter to the DNR to make findings of fact and conclusions of law. *See Waste Management,* 128 Wis. 2d at 91, 381 N.W.2d at 332.

We affirm the trial court's order remanding this matter to the DNR for findings of fact and conclusions of law. We also hold that on remand the DNR must allow Waste Management an opportunity to present reasons why the proposed actions, which affect the conditions of construction, should not be taken.

*By the Court.*—Order modified and as modified, affirmed.