Jack GORZALSKI, and Eileen Gorzalski, Plaintiffs-Appellants,†

v.

FRANKENMUTH MUTUAL INS. CO., ††a foreign corporation, and John R. Luebbe, Jr., Defendants-Respondents,†

LUMBERMENS MUTUAL CASUALTY COMPANY, a foreign insurance corporation, Defendant.

Court of Appeals

*No. 87–2302. Submitted on briefs June 7, 1988.—Decided July 19, 1988.*

(Also reported in 429 N.W.2d 537.)

† Petitions to review denied.
†† Petition to cross review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Cannon & Dunphy, S.C.,* by *William M. Cannon* and *Joanne Swieciak,* of Milwaukee.

For the defendant-respondent Frankenmuth Mutual Ins. Co. the cause was submitted on the briefs of *Arnold, Murray, O'Neill & Schimmel,* by *Donald P. O'Meara,* of Milwaukee.

For the defendant-respondent John R. Luebbe, Jr. the cause was submitted on the briefs of *Borgelt, Powell, Peterson & Frauen, S.C.,* by *W. Ted Tornehl* and *James M. Fredericks,* of Milwaukee.

Before Moser, P.J., Wedemeyer and Nettesheim, JJ.

MOSER, P.J. Jack and Eileen Gorzalski (the Gorzalskis) appeal from a judgment dismissing their complaint for damages due to the negligent operation of an automobile by John R. Luebbe, Jr. (Luebbe). The trial court dismissed the complaint on the grounds that sec. 102.03(2), Stats., of the worker's compensation law provided the exclusive right of recovery for the Gorzalskis. The trial court also held that the coemploye limitation of liability found in Frankenmuth Mutual Ins. Co.'s (Frankenmuth) insurance policy did not violate sec. 632.32, Stats. We agree with this latter holding of the trial court and affirm that portion of the judgment dismissing the complaint against Frankenmuth. However, we hold that the worker's compensation statute does not provide the exclusive right of recovery for the Gorzalskis. We therefore reverse that portion of the judgment dismissing the complaint against Luebbe.

On March 17, 1986, Jack Gorzalski, an employe of Bob Tolkan Buick, Inc. (Tolkan), was seriously injured when Luebbe, another Tolkan employe, drove an automobile into him. The automobile had been left by its owner at Tolkan's garage for repairs. As a result of this accident, the Gorzalskis brought suit against Luebbe, Frankenmuth (Tolkan's insurance carrier), Home Insurance Company (Luebbe's insurance carrier), United States Fidelity & Guaranty Co. (the automobile owner's insurance carrier), and Lumber-

mens Mutual Casualty Company (Tolkan's worker's compensation carrier). United States Fidelity & Guaranty Co. and Home Insurance Company were later dismissed by stipulation of the parties. Frankenmuth and Luebbe then moved for and were granted a summary judgment dismissing the Gorzalskis' complaint against them.

The Gorzalskis first argue that the trial court erred in holding that sec. 102.03(2), Stats., limited their right of recovery to worker's compensation benefits. We agree with the Gorzalskis' argument.

Section 102.03(2), Stats., states:

> Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier. *This section does not limit the right of an employe to bring action* against any coemploye for an assault intended to cause bodily harm, or *against a coemploye for negligent operation of a motor vehicle not owned or leased by the employer,* or against a coemploye of the same employer to the extent that there would be liability of a governmental unit to pay judgments against employes under a collective bargaining agreement or a local ordinance. [Emphasis added.]

The trial court held that by agreeing to take the car in for repairs, Tolkan had exclusive possession of and control over the car and that it had, in essence, leased it. Since the car was leased by Tolkan, worker's compensation benefits were the exclusive remedy for the Gorzalskis' damages.

Because the construction of a statute is a question of law, this court gives no deference to the trial court's decision.[1] Our first duty is to look to the language of the statute itself. If its meaning is clear on its face, we may not look to collateral sources to determine legislative intent.[2] A statute is ambiguous where reasonable persons differ as to its meaning.[3]

We can discern no ambiguity in sec. 102.03(2), Stats. The statute states that an injured employe is not limited to worker's compensation benefits when he is injured by a coemploye's negligent operation of a motor vehicle "not owned or leased by the employer." Both parties conceded that the car was not owned by Tolkan. However, contrary to the trial court's holding, Tolkan had not leased the car either.

"When used with reference to tangible personal property, [the] word 'lease' means a contract by which one owning such property grants to another the right to possess, use and enjoy it for [a] specified period of time in exchange for periodic payment of a stipulated price, referred to as rent."[4] The transaction between the automobile owner and Tolkan cannot reasonably be termed a lease. Tolkan was not given possession of the car to "possess, use and enjoy," it was given the car to repair. Moreover, Tolkan was not required to make any payment to the car owner in exchange for

[1]*Milwaukee Metro. Sewerage Dist. v. DNR*, 126 Wis. 2d 63, 71, 375 N.W.2d 648, 651 (1985).

[2]*Id.* at 71, 375 N.W.2d at 651–52.

[3]*Laskaris v. City of Wisconsin Dells, Inc.*, 131 Wis. 2d 525, 532, 389 N.W.2d 67, 70 (Ct. App. 1986).

[4]Black's Law Dictionary 800 (5th ed. 1979).

the right to possess the car. Far from being a lease, this transaction was merely a repair agreement between Tolkan and the car owner.

Frankenmuth and Luebbe argue that even if the car was not leased by Tolkan, it was loaned to Tolkan. Since the Department of Industry, Labor and Human Relations (DILHR) has interpreted sec. 102.03(2), Stats., to limit liability when the motor vehicle is owned by or leaseed or *loaned* to the employer, Frankenmuth and Luebbe argue that the trial court correctly dismissed the case.

In an interpretive footnote to sec. 102.03(2), Stats., DILHR states:

> The exceptions permit the right of recovery against a fellow employe of the same employer who is negligent in the operation of a motor vehicle owned by, leased or loaned to the fellow employe. *The exception does not apply to a vehicle owned by, leased or loaned to the employer.*[5]

If we were to conclude that this interpretation of the statute is binding on this court, we would then need to address the issue of whether the automobile was loaned to Tolkan. However, since we conclude that DILHR improperly included the word "loaned" in its interpretation, we need not decide whether the transaction constituted a loan.

■

In construing a statute, this court does give some deference to the interpretation of the statute by the enforcing agency. Such an interpretation will not be reversed where it is one of several reasonable inter-

[5]DILHR, Worker's Compensation Act of Wisconsin 7 n. 8 (1987) (emphasis added).

pretations that can be made.[6] However, that agency "may not issue a rule that is not expressly or impliedly authorized by the legislature."[7]

> An administrative agency has only those powers which are expressly conferred or which are fairly implied from the four corners of the statutes under which it operates. Any reasonable doubt as to the existence of an implied power of an administrative agency should be resolved against the exercise of such authority.[8]

■

In the present case, DILHR went beyond its statutory powers in including the word "loaned" in its interpretation of sec. 102.03(2), Stats. By not restricting its interpretation to the words "owned" and "leased", DILHR has usurped the legislature's power by further limiting an injured employe's right to recovery in a manner which cannot be supported by the language of the statute. Since DILHR's interpretation is not in accord with the plain language of the statute, it is unreasonable[9] and is not binding on this court.

■

In conclusion, we hold that sec. 102.03(2), Stats., is unambiguous. It does not limit the Gorzalskis' right to recover against Luebbe because the automobile involved in the accident was not owned or leased by

[6]*Pigeon v. DILHR,* 109 Wis. 2d 519, 525, 326 N.W.2d 752, 755 (1982).

[7]*Peterson v. Natural Resources Bd.,* 94 Wis. 2d 587, 593, 288 N.W.2d 845, 848 (1980).

[8]*Tatum v. LIRC,* 132 Wis. 2d 411, 421, 392 N.W.2d 840, 844 (Ct. App. 1986) (footnote omitted).

[9]*See Pigeon,* 109 Wis. 2d at 525, 326 N.W.2d at 755.

Tolkan. Therefore, the trial court erred in dismissing the complaint against Luebbe.

The next argument made by the Gorzalskis is that the trial court erred in dismissing their complaint against Frankenmuth. The trial court concluded that the coemploye exclusion in Frankenmuth's insurance policy was valid and precluded recovery against it. The Gorzalskis argue, however, that the exclusion violates sec. 632.32(6)(a), Stats., and is invalid. We disagree.

The Frankenmuth policy states:

This insurance does not apply, under the Garage Liability coverages:

. . . .

   (c)  to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

   (d)  to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury;

. . . .

Each of the following is an insured under this insurance to the extent set forth below:

A.  Under the Garage Bodily Injury and Property Damage Liability Coverages:

   (1)  the named insured;

(2) with respect to the automobile hazard: (a) any person while using, with the permission of the named insured, any automobile to which the insurance applies under the automobile hazard, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission.

. . . .

None of the following is an insured:

(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment.

The Gorzalskis argue that this exclusion is in direct violation of sec. 632.32(6)(a), Stats., which states: "No policy issued to a motor vehicle handler may exclude coverage upon any of its officers, agents or employes when any of them are using motor vehicles owned by customers doing business with the motor vehicle handler."

The issue of whether a coemploye exclusion is valid despite a seemingly conflicting statute was discussed in *Dahm v. Employers Mutual Liability Insurance Co.*[10] In *Dahm,* an employe sued a coemploye for damages which resulted from the coemploye's negligent operation of a forklift. The omnibus automobile insurance statute at the time of the injuries stated: "No policy of insurance, agreement of indemnity, or bond referred to in sub. (1) shall exclude from the coverage afforded or provisions as to benefits therein, liability on account of bodily injury, sickness

---

[10]74 Wis. 2d 123, 246 N.W.2d 131 (1976).

or disease, including death resulting therefrom, sustained by any person who is a named insured."[11]

Despite this statute, our supreme court stated that

> the fellow employee exclusion clause will violate no rule of law in this state if it is held to be valid only where the injured party and the tortfeasor are employees of the named insured under the policy, and where the named insured employer is required to provide workmen's compensation coverage.[12]

■

While the supreme court in *Dahm* decided this issue in the context of applying a statute other than sec. 632.32(6)(a), Stats., its analysis is equally applicable in this case.

> The purpose of a fellow employee exclusion clause ... is to leave an employee, who is injured by an employer's motor vehicle being operated by a fellow employee while both are in the course of their employment, to his remedy under workmen's compensation law or to an action against his fellow employee.[13]

This purpose is not contrary to the policy of this state.[14] There is no dispute that both Luebbe and Gorzalski were employes of Tolkan and that Tolkan was required to provide workmen's compensation coverage. Therefore, the coemploye exclusion in Frankenmuth's policy violated no rule of law. Since, by the terms of its policy, Frankenmuth provided no

---

[11]Sec. 204.34(4), Stats. (1969).
[12]*Dahm,* 74 Wis. 2d at 131, 246 N.W.2d at 135.
[13]*Id.* at 130, 246 N.W.2d at 135.
[14]*Id.*

coverage for the accident, the trial court correctly dismissed the complaint against it.

*By the Court.*—Judgment affirmed in part, reversed in part and caused remanded for further proceedings.